UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 08-54-P-S |
| ) | |
| RICHARD W. SZYPT, ) | |
| ) | |
| Defendant ) | |

### ORDER UNDER 18 U.S.C. § 3006A(f)

This issue before me is whether the defendant, Richard W. Szypt, should be made to reimburse the cost of court-appointed counsel, now that he has retained successor counsel at his own expense. After conducting a hearing on the matter, I find that he both can and should.

### Background

The defendant is charged with conspiracy to distribute and to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C §§ 841(a)(1) and 846, and aiding and abetting such conduct, in violation of 18 U.S.C. § 2; being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and using a communication facility or device in committing or facilitating the commission of a drug felony, in violation of 21 U.S.C. § 843(b), Indictment (Docket No. 3). He appeared before me on April 11, 2008, at an attorney appointment hearing, at which time he submitted a financial declaration under oath (Docket No. 290). At the defendant's request, and based upon his financial declaration, I appointed William G. Schaffer, Esq., to represent the defendant pursuant to 18 U.S.C. § 3006A, noting on the declaration that my approval of the request for government-funded counsel was "subject to review at a later date." Financial Declaration at [2].

1

On May 1, 2008, a detention hearing was held before me at which Attorney Schaffer represented the defendant. I ordered the defendant detained pending trial. Docket No. 291. On May 20, 2008, Barry P. Wilson, Esq., entered his appearance for the defendant as retained counsel. Docket No. 293. Attorney Schaffer's motion to withdraw (Docket No. 297) was granted on May 28, 2008. Docket No. 299. Walter F. McKee, Esq., entered his appearance as retained counsel for the defendant on May 28, 2008, as well. Docket No. 298. On July 23, 2008, Chief Judge Singal authorized payment to Attorney Shaffer under 18 U.S.C. § 3006A in the amount of $3,771.51 for his services while representing the defendant. Docket No. 383.

On August 11, 2008, I ordered the defendant to provide certain information with respect to the payment of his retained counsel, given the prior appointment of counsel under 18 U.S.C. § 3006A. Docket No. 400. In response, Attorney Wilson filed a sworn statement, stating that he had received only partial payment from the defendant and was "currently losing [his] shirt on this case," and that the funds used to retain him were obtained after the appointment of Attorney Schaffer and "came in after the fact." Counsel's Response to Court's Order for Information Concerning Source of Funds Used to Retain Counsel (Docket No. 403). The government then filed a reply to the response, asking the court to hold a hearing pursuant to 18 U.S.C. § 3006A(f) and to order Attorney Wilson "to disclose the date of receipt, amount, source and conditions of any funds paid to him on behalf of Szypt; advise attorney Wilson that any such funds may become subject to disgorgement; and order any such funds be placed in an escrow pending determination of these issues." Government's Reply to Defendant Szypt's Response to Court on Source of Funds to Retain Counsel (Docket No. 415) at 2.

Attorney Wilson then filed a document entitled Counsel's Response to Government's Reply to Defendant Szypt's Response to Court Order on Source of Funds to Retain Counsel.

2

Docket No. 433. In this document, Attorney Wilson asserted, *inter alia*, that the government "does not (or should not) have standing to weigh in on the issues presented in this situation" and requested an opportunity to be heard on those issues. *Id.* ¶¶ 8, 10. A hearing was held before me on October 7, 2008, at which the defendant appeared with both of his retained counsel and the government was represented by Assistant United States Attorney Daniel Perry.

## Discussion

At the hearing, counsel for the government stated that the government was not pressing the express request in its reply that funds already paid to Attorney Wilson be disgorged or placed in escrow. Rather, it was represented that the government sought an order that any funds obtained by the defendant in the future be used first to reimburse the government for the costs of appointed counsel. Government counsel offered to leave the hearing before any specific information concerning the source of the monies already paid to Attorney Wilson was disclosed.

### A. Standing

The defendant's counsel argued that the government has no standing to seek any repayment of the funds paid to Attorney Schaffer because retained counsel was not told, when he entered his appearance, that reimbursement for those funds would be sought, and, he argued, no one told the defendant that he might have to repay the funds used for his appointed counsel if circumstances changed. He contended that the defendant revealed all of his assets on the financial declaration, and, since no one told him that the government might expropriate some of those assets to reimburse the government for the cost of his appointed counsel, any access to those assets by the government had been waived. He cited no authority in support of this position, despite a direct request from me for such authority.

3

I conclude that the government has standing to seek recovery of funds paid to appointed counsel under the circumstances of this case. *See United States v. Harris*, 707 F.2d 653, 662 (2d Cir. 1983). Nothing in *Stein v. KPMG, LLP*, 486 F.3d 753, 756-57 (2d Cir. 2007), the only case cited by the defendant's retained counsel at the hearing, or in its recitation of the holdings of the trial court from which the appeal had been taken, supports a different result.

### B.  Section 3006A(f)

I reject as well the contention that any assets disclosed by the defendant on his financial declaration could not thereafter be reached to repay the costs incurred by the government for counsel appointed to represent him because the defendant was not explicitly informed that such an eventuality might occur. The governing statute provides: "If at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate." 18 U.S.C. § 3006A(c). Subsection f provides that, under these circumstances, a magistrate judge may order that funds available for payment for representation be paid to the court as a reimbursement. Nothing in the statutory language, or in any reported court opinion, so far as I can tell, allows a defendant for whom appointed counsel has been provided to avoid reimbursing the government for the cost of that counsel from any assets that he disclosed to the court in the course of requesting that appointment.

After counsel for the government left the courtroom on October 7, 2008, I conducted an *ex parte* colloquy with the defendant and his counsel about the source of the funds used to pay his retained counsel, the time when payment or payments were made to retained counsel, the amounts paid or to be paid to his retained counsel, and any changes in the defendant's financial

4

circumstances since he offered the financial declaration on April 11, 2008. As a result of that colloquy, I now ***ORDER*** the defendant to pay to the court the amount of $3,771.51 no later than 30 days from the date of this order as reimbursement for the fees paid to Attorney Schaffer on his behalf.

The defendant's financial declaration shows that he owns four vehicles, including two or more trucks, with a total estimated unencumbered value of $26,000.00, and individual values that in three out of four cases exceed the amount of reimbursement now due to the government. Based on the representations made at the October 7 hearing, I conclude that none of these vehicles has been seized by the government in connection with the charges pending against the defendant, and that they accordingly remain available to be sold to satisfy the defendant's obligation herein. I also conclude that reimbursing the government in this amount will not significantly interfere with the defendant's ability to retain the lawyers of his choice who currently represent him, or other counsel should the need to do so arise.

Accordingly, the defendant shall pay to the clerk of this court within 30 days from the date of this order the sum of $3,771.51 (three thousand seven hundred seventy-one dollars and fifty-one cents) in reimbursement for the costs of appointed counsel, a sum which I find he has the ability to pay.

*SO ORDERED*.

Dated this 21st day of October, 2008.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

