UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Docket No. 08-cr-54-P-S |
| | ) |
| RICHARD SZPYT, et al. | ) |

ORDER ON DEFENDANTS' PENDING MOTIONS

Before the Court are numerous defense motions, which were filed before the Grand Jury returned the Superseding Indictment in this case. (See Docket #s 347, 350, 353, 356, 361, 370, 380, 396 & 440.) Specifically, these motions request (1) dismissal of various counts of the original indictment; (2) severance of various counts of the original indictment; and (3) severance of individual defendants pursuant to Federal Rule of Criminal Procedure 14(a). The Court finds that the Superseding Indictment (Docket # 456) affects these pending motions as follows:

First, the Grand Jury has returned a separate new indictment against Defendant Balot, which charges him in a single conspiracy. See United States v. Balot, No. 08-cr-194-P-S. In light of this new indictment, the Government filed a Notice of Dismissal of all charges pending against Defendant Balot in this case. (See Docket # 487.) Therefore, Defendant Balot's Motion to Require Government to Elect Between Counts of the Indictment (Docket # 440) is hereby MOOT.

Second, the Superseding Indictment does not charge Defendants Balot and Sanborn in a distinct drug conspiracy involving 500 grams or more of cocaine. Therefore, the portions of Defendant Szpyt's Motion to Sever (Docket # 361), Defendant Weston's Motion to Sever (Docket # 347), Defendant Guarino's Motion to Sever (Docket

# 370), and Defendant Moore's Motion to Sever (Docket # 353) requesting severance of Count Two of the original indictment are hereby MOOT.

Third, during conference of counsel, the Government indicated that it was prepared to sever Count Eight of the original indictment, which charges Defendant Szpyt as a felon-in-possession of several firearms, pending Szpyt's filing of a speedy trial waiver. (See also Docket # 408.) Defendant Szpyt has not yet filed any such waiver. In addition, the Court recently granted Szpyt's attorneys' motions to withdraw from their representation of him, and appointed new counsel. (See Docket #s 491 & 492.) Therefore, the Court RESERVES RULING on the multiple requests to sever Count Eight of the original indictment previously made via Defendant Szpyt's Motion to Sever (Docket # 361), Defendant Weston's Motion to Sever (Docket # 347), Defendant Guarino's Motion to Sever (Docket # 370), and Defendant Moore's Motion to Sever (Docket # 353).[1] Defendant Szpyt should file his speedy trial waiver, if any, on or before November 14, 2008.

Fourth, the Superseding Indictment charges Defendant Monahan with two counts of use of a communication facility in committing, causing, and facilitating distribution of marijuana, and aiding and abetting distribution of marijuana. (See Docket # 456.) Therefore, the portion of Defendant Monahan's Motion to Dismiss (Docket # 350) requesting dismissal of Counts Fourteen and Seventeen of the original indictment is hereby DENIED.

Fifth, Count One of the Superseding Indictment charges eighteen defendants with conspiring to distribute and possess with intent to distribute controlled substances,

---

[1] To be clear, the Court will ultimately determine whether Count Seven of the Superseding Indictment, which effectively replicates Count Eight of the original indictment, should be severed.

including five kilograms or more of cocaine, and marijuana, and aiding and abetting such conduct. Excluding modification of the individual defendants charged,[2] this count effectively replicates Count One of the original indictment. Defendants Jordan and Monahan moved to dismiss Count One of the original indictment as duplicitous. (See Docket #s 356 & 350). Monahan also asserted that the evidence is insufficient to connect him with the Count One conspiracy. (See Docket # 350 at 10.) In effect, Jordan and Monahan ask the Court to determine factual issues typically reserved for the jury. See United States v. Trainor, 477 F.3d 24, 31-32, 34-35 (1st Cir. 2007); United States v. Escobar-Figueroa, 454 F.3d 40, 48 (1st Cir. 2006); United States v. Billmyer, No. 94-29-01-JD, 1995 WL 54471, at *3 (D. N.H. Feb. 3, 1995); United States v. Maling, 737 F. Supp. 684, 690 (D. Mass. 1990). The Court declines Defendants' invitation and thus DENIES the portions of Defendant Jordan's Motion to Dismiss (Docket # 356) and Defendant Monahan's Motion to Dismiss (Docket # 350) requesting dismissal of Count One.

Sixth, to the extent any defendant wishes to present arguments for severance pursuant to Rule 14(a) in light of the Superseding Indictment, the Court ORDERS counsel to file any renewed or amended motions on or before November 14, 2008. (See Docket #s 356, 396, 370, 350, 380 & 353.)

Accordingly, the Court RESERVES RULING on the following motions to the extent they are not MOOT or DENIED WITHOUT PREJUDICE as indicated herein: Defendant Szpyt's Motion to Sever (Docket # 361), Defendant Weston's Motion to Sever

---

[2] Defendant Green changed his plea to the original indictment to guilty, and is therefore not charged in the Superseding Indictment. Defendant Balot has been charged in a separate indictment, and is therefore not charged in the Superseding Indictment. Defendant Dellosantos was not charged in the original indictment, but is charged in the Superseding Indictment.

(Docket # 347), Defendant Guarino's Motion to Sever (Docket # 370), and Defendant Moore's Motion to Sever (Docket # 353). Defendant Boothby's Motion to Sever (Docket # 396) and Defendant Martin's Motion to Sever (Docket # 380) are DENIED WITHOUT PREJUDICE. Defendant Jordan's Motion to Dismiss (Docket # 356) and Defendant Monahan's Motion to Dismiss (Docket # 350) are DENIED IN PART and DENIED IN PART WITHOUT PREJUDICE. Defendant Balot's Motion to Require Government to Elect Between Counts of the Indictment (Docket # 440) is MOOT.

Finally, all defense motions to suppress and for bills of particulars have been referred to Magistrate Judge Rich. (See Docket #s 377, 351, 367, 368, 352, 375, 366, 378, 355, 346, 357, 363, 348, 362 & 437). The Court takes no action on these motions in light of its previous referral. The Magistrate Judge is, of course, free to order any or all of these motions renewed or amended to the extent the Superseding Indictment, including the addition of a new defendant, may have changed the relevant landscape.

SO ORDERED.

/s/ George Z. Singal
Chief U.S. District Judge

Dated this 31st day of October, 2008.

4