### UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| *UNITED STATES OF AMERICA* | ) | |
| | ) | |
| *v.* | ) | *Criminal No. 08-54-P-S* |
| | ) | |
| *RICHARD W. SZPYT,* | ) | |
| | ) | |
| *Defendant* | ) | |

### *RECOMMENDED DECISION ON MOTION TO SUPPRESS*

Richard W. Szpyt, indicted on charges, *inter alia*, of conspiring to distribute, and possess with intent to distribute, controlled substances, including five kilograms or more of cocaine, and marijuana, and aiding and abetting such conduct, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 2, *see* Superseding Indictment (Docket No. 456), moves to suppress evidence seized from 94 Ross Road, Old Orchard Beach, Maine, on September 23, 2007, pursuant to a search warrant that he contends failed to establish probable cause for the search, *see* Motion To Suppress Evidence Seized From 94 Ross Road ("Motion") (Docket No. 358) at 1.

The sole basis for the Motion is that the affidavit supporting the government's application for the warrant relied in part on information garnered from allegedly illegal wire intercepts. *See id*. at 1, 3. Szpyt argues that once the assertedly tainted information is expunged, the remaining averments of the affidavit fail to establish probable cause for the Ross Road search. *See id*. To establish the illegality of the relevant wire intercepts, he relies on a motion to suppress filed by his co-defendant James Weston, in which he joined. *See id*. at 1 n.1, 4; *see also* Motion To Suppress Wire Intercepts (Docket No. 346); Defendant Szpyt's Motion To Join[] Co-Defendant Weston's Motion To Suppress Wire Intercepts (Docket No. 360); Order [granting Szpyt's

motion for joinder] (Docket No. 373). As the government points out, *see* Government's Opposition to Defendant Szpyt's Motion To Suppress Evidence (Docket No. 586) at 1 & n.1, Weston's bid to suppress the wire intercepts was denied, *see* Recommended Decision on Motions To Suppress (Docket No. 514); Order Affirming the Recommended Decision of the Magistrate Judge (Docket No. 573). Since the instant motion explicitly stands on the unsuccessful arguments in Weston's motion to suppress, it must share the same fate. Accordingly, I recommend that it be **DENIED**.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 6th day of February, 2009.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge